IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BURBERRY LIMITED,

    Plaintiff,

  v.

TUAN NGUYEN, et al.,

    Defendants
                                 /

No. C-05-4248 MMC

**ORDER RE APRIL 7, 2006 HEARING**

      Before the Court is plaintiff Burberry Limited's ("Burberry") motion, pursuant to Rule 55(b)(2), for default judgment against defendant Tuan Nguyen ("Nguyen"). The matter is set for hearing on April 7, 2006.

      Having reviewed the file in preparation for the hearing, the Court hereby advises Burberry that it should be prepared to address the following topics at the hearing:

      (1) Burberry, to date, has taken no steps to amend its complaint to substitute a named party for a Doe defendant. Burberry shall indicate if it intends to proceed in the above-titled action against any defendant other than Nguyen. In the event Burberry intends to proceed against other parties, and such claims arise from the same conduct alleged against Nguyen, Burberry shall explain why the Court should enter a monetary judgment against Nguyen at this time.

      (2) Burberry should provide the Court with information bearing on its claim for

statutory damages to show how the amount sought, $200,000 per mark infringed, would advance the purposes of providing "restitution" and "reparation for injury" to Burberry and "discourag[ing] wrongful conduct."  See F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952).  For example, Burberry may wish to provide any information pertaining to its annual losses occasioned by sales of counterfeit goods bearing its trademarks, an estimation as to the profits earned by Nguyen or similarly situated parties selling counterfeit goods, and/or the costs Burberry incurs to enforce its trademark rights against sellers of counterfeit goods.

**IT IS SO ORDERED.**

Dated: April 3, 2006

MAXINE M. CHESNEY
United States District Judge