IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BURBERRY LIMITED,

    Plaintiff,

  v.

TUAN NGUYEN, et al.,

    Defendants
                             /

No. C-05-4248 MMC

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; VACATING HEARING**

       Before the Court is plaintiff Burberry Limited's ("Burberry") motion, filed March 1, 2006, for default judgment pursuant to Rule 55(b)(2). Also before the Court is Burberry's response, filed April 13, 2006, to the Court's April 3, 2006 and April 5, 2006 orders, by which orders the Court afforded Burberry leave to supplement its motion. Defendant Tuan Nguyen ("Nguyen"), although served with the motion and the response, has not filed opposition. Having reviewed the papers filed in support of the motion, and all other relevant documents on file in this matter, the Court finds the matter appropriate for decision on the moving papers, VACATES the hearing scheduled for April 21, 2006, and rules as follows.

       For the reasons stated in the papers filed in support of the motion, the Court finds Burberry is entitled to judgment against Nguyen on the claims set forth in the complaint filed October 20, 2005, and, accordingly, hereby GRANTS the motion.

       In particular, the Court finds Nguyen has sold, offered for sale, and distributed goods bearing counterfeits of two of Burberry's registered marks, and that such infringement was

willful. The Court further finds that, for the reasons stated in the papers filed in support of the motion, Burberry is entitled to (1) permanent injunctive relief to prohibit Nguyen from infringing the Burberry Trademarks[1] and otherwise engaging in unlawful competition with Burberry, see 15 U.S.C. § 1116(a); (2) an award of statutory damages in the amount of $200,000 for each mark infringed, for a total of $400,000, see 15 U.S.C. § 1117(c); and (3) an award of reasonable attorney's fees in the amount of $11,545.75, see 17 U.S.C. § 1117(a), Earthquake Sound Corp. v. Bumper Industries, 352 F. 3d 1210, 1216 (9th Cir. 2003) (holding trademark infringement claim "exceptional," thus entitling plaintiff to reasonable attorney's fees, where infringement willful).

Burberry has advised the Court that it does not intend to proceed against the other defendants in the instant action. (See Pl.s' Response, filed April 13, 2006, at 2:17-18.) Accordingly, Burberry's claims against the Doe defendants will be dismissed without prejudice, and final judgment shall be separately entered herewith.

## CONCLUSION

For the reasons stated, Burberry's motion for default judgment is hereby GRANTED.

Burberry's claims against the Doe defendants are hereby DISMISSED without prejudice.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 20, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] The Burberry Trademarks are identified in the complaint at ¶18.